IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:15-cr-00264-AA<br>6:19-cv-01406-AA<br>**OPINION AND ORDER** |
| v. | |
| CLEMENTE PINEDA, | |
| Defendant. | |

AIKEN, District Judge:

This matter comes before the Court on defendant Clemente Pineda's Motion to Vacate or Correct Sentence pursuant to 28 U.S. § 2255. Doc. 25. For the reasons below, defendant's motions are DENIED.[1]  Because the motions and record conclusively show that Defendant is not entitled to relief, no evidentiary hearing is warranted.

/ / /

/ / /

---

[1] Defendant also requests appointment of counsel in this matter. However, because no relief is available the Court declines to appoint counsel.

Page 1 – OPINION AND ORDER

## BACKGROUND

On July 15, 2015, defendant was indicted on one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(l). Doc. 1. Defendant entered a plea of guilty to the charge on January 7, 2016. Doc. 15. Pursuant to a plea negotiated agreement with the government, the parties jointly recommended a sentence of 60 months in custody, though defendant's advisory guideline range was 63-78 months. On April 19, 2016, the Court imposed a 60 month in custody sentence, with a three-year term of supervised release to follow. Doc. 22.

Defendant did not take a direct appeal in this case but instead filed the present Motion to Vacate or Correct Sentence pursuant to 28 U.S. § 2255 (doc. 51).

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack….

28 U.S.C. § 2255(a).

To warrant relief, a petitioner must demonstrate that the error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255,

just as it does to those under section 2254.").

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration and emphasis in original) (quoting 28 U.S.C. § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (alteration in original, internal quotation marks and citation omitted).

## DISCUSSION

Initially, the Court notes that this motion would ordinarily be untimely. 28 USC § 2255(f)(1) (motions under this section are subject to a 1 year period of limitation.) However, that prescription does not apply when a claim relies on a "right . . . newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3) Here, defendant asserts that his sentence is now unconstitutional under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). There the Court held that when a defendant is charged under 18 U.S.C. § 922(g), the government must prove that the defendant knew that she possessed a firearm and that she knew she held the relevant status as a felon.

The Court notes that *Rehaif* has not been found to apply retroactively to cases on collateral review. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (Finding that *Rehaif* "did not announce a new rule of constitutional law"). However, even if *Rehaif* were retroactive, the Court would still find that plaintiff is not entitled to relief under its holding as he could not show that he was unaware of his status as felon.

The indictment in this case specifically alleged that defendant had been previously convicted of state crimes punishable by imprisonment for a term exceeding one year, including Robbery in the Second Degree and Burglary in the Second Degree when he possessed a firearm subject to the statute under which we was charged. Doc. 1. Indeed, in his plea petition, defendant specifically admitted:

> On or about May 5, 2015, in Oregon, I knowingly possessed the firearm which is described in the Indictment. The firearm had been previously shipped in interstate or foreign commerce. *I possessed the firearm after I was convicted of the crimes described in the Indictment. Those crimes are punishable by a term of imprisonment exceeding one year.*

Doc. 17 at *8 (emphasis added). This admission is binding on defendant. *See United States v. Benamor,* 937 F.3d 1182, 1188 (9th Cir. 2019), *cert. denied,* 140 S. Ct. 818, (2020).

Any fair reading of the record cannot show that defendant was unaware of his status as felon at the time he possessed a firearm. The presentence report in this case also revealed that when he committed the present offense, defendant was still on post-prison supervision following a 70-month term of imprisonment resulting from an Oregon state conviction for Robbery II. Given the record before it, the Court denies the motion and finds that an evidentiary hearing is unnecessary.

The Court also declines to issue a certificate of appealability in this case. A final order in a § 2255 proceeding may not be appealed unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, the Court concludes that defendant has failed to make the required showing and so declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 (Doc. 25) is DENIED. No evidentiary hearing is necessary because the allegations in Defendant's motion, when viewed against the record, do not give rise to a claim for relief. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED

Dated this  11th  day of June 2020

                              /s/Ann Aiken
                                Ann Aiken
                      United States District Judge